NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2444
_____

UNITED STATES OF AMERICA

v.

JAVIER OSWALDO JOVEL-AGUILAR,
Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. No. 4-13-cr-00220-001)
District Judge: Honorable Matthew W. Brann

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 29, 2016

Before: SMITH, HARDIMAN, and SLOVITER, *Circuit Judges*

(Filed: March 2, 2016)
_____

OPINION*
_____

SMITH, *Circuit Judge.*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Defendant Javier Oswaldo Jovel-Aguilar has filed a notice of appeal from the judgment entered in this case. His defense counsel submits that there are no non-frivolous issues to raise on appeal and accordingly seeks to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). For the reasons that follow, we will grant the motion to withdraw and we will dismiss Mr. Aguilar's appeal.[1]

## I.

In 2013, a grand jury indicted Aguilar on one count of first-degree murder in violation of 18 U.S.C. § 1111(a) for killing his cellmate at United States Penitentiary, Lewisburg. On May 27, 2015, Aguilar pled guilty to second-degree murder under the same statute. Aguilar entered into a negotiated plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), which allows a defendant and the Government to "agree that a specific sentence or sentencing range is the appropriate disposition of the case." *Id.* In this case, the parties agreed to a binding sentencing range of 240 to 360 months. After the District Court sentenced Aguilar to 360 months' imprisonment, defense counsel entered a timely notice of appeal on June 10, 2015, and then filed an *Anders* brief with the Court.[2] After the

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because defendant did not raise any objections at the District Court, we review for plain error. *See United States v. Goodson*, 544 F.3d 529, 539 (3d Cir. 2008) (*citing United States v. Vonn*, 535 U.S. 55 (2002)).

[2] The Clerk's Office then notified Aguilar of his right under 3d Cir. L.A.R. 109.2(a) to file a *pro se* brief. Aguilar has not availed himself of that opportunity.

government responded, the case was referred to a merits panel on September 21, 2015.

## II.

Defense counsel may move to withdraw from representation if, after a thorough examination of the District Court record, he or she is "persuaded that the appeal presents no issue of even arguable merit." 3d Cir. L.A.R. 109.2(a); *see also Anders*, 386 U.S. at 744 ("[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw."). When presented with an *Anders* motion to withdraw, we must determine: (1) whether counsel has thoroughly examined the record for appealable issues and explained why any such issues are frivolous; and (2) whether an independent review of the record presents any nonfrivolous issues. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). If "the *Anders* brief initially appears adequate on its face," our independent review is "guided . . . by the *Anders* brief itself." *Id*. at 301 (internal quotation marks omitted).

## A.

Here, after a thorough examination of the record, defense counsel identified three issues that Aguilar could possibly raise on appeal following a guilty plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989). These included (a) the jurisdiction of the District Court, (b) the validity of Aguilar's guilty plea, and (c)

3

the legality and reasonableness of the sentence imposed. After identifying the appealable issues, defense counsel also satisfactorily explained—with citations to the record and applicable legal authority—why an appeal based on those issues was wholly frivolous. He explained that (a) there is no dispute with regard to the District Court's jurisdiction; (b) the plea colloquy fully complied with Rule 11 of the Federal Rules of Criminal Procedure; and (c) the sentence was both legal and reasonable.

Because defense counsel fulfilled 3d Cir. L.A.R. 109.2(a)'s requirements, we accept his *Anders* brief as adequate on this basis.

**B.**

Having satisfied the first prong of *Anders*, our next inquiry requires an "independent review" of the record to determine whether Aguilar's appeal presents any non-frivolous issues. *Youla*, 241 F.3d at 300. However, where defense counsel's *Anders* brief appears adequate on its face, we scrutinize only the issues and portions of the record identified by the *Anders* brief itself. *Id.* at 301. "An appeal on a matter of law is frivolous where [none] of the legal points [are] arguable on their merits." *Id.* (alterations in original) (internal quotation marks omitted).

Following the guidance of defense counsel's *Anders* brief, we consider the three issues that could be raised on appeal from a plea bargain. *See Broce*, 488

4

U.S. at 569. First, we see no basis for disputing the District Court's jurisdiction in this case. Aguilar was indicted and properly charged with violating 18 U.S.C. § 1111(a). Thus, the District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

Second, we conclude that Aguilar's guilty plea was entered knowingly and voluntarily. During the change of plea hearing, the District Court fully addressed with Aguilar each issue set forth in Rule 11(b) in compliance with *Boykin v. Alabama*, 395 U.S. 238 (1969). Thus, we are satisfied the District Court fully ensured that Aguilar knew what he was pleading guilty to and chose to do so voluntarily.

Third, we conclude that the District Court entered a sentence that was reasonable and in conformity with the law. The 360-month sentence was within both the applicable sentencing guidelines range and was consistent with the Rule 11(c)(1)(C) binding agreement's range of 240 to 360 months. As we have recognized,

> Rule [11(c)(1)(C)] disposes of the case, requiring us to hold that a sentencing court has the authority to accept a plea agreement stipulating to a sentencing factor or a provision of the sentencing guidelines that otherwise would not apply, or specifying a sentence that falls outside the applicable guidelines range. Once the District Court has accepted such an agreement, it is binding.

*United States v. Bernard*, 373 F.3d 339, 343-44 (3d Cir. 2004). *See also Freeman v. United States*, 131 S. Ct. 2685, 2692 (2011) ("Rule 11(c)(1)(C) makes the parties' recommended sentence binding on the court once the court accepts the

5

plea agreement." (internal quotation marks omitted)). The District Court also properly applied the three-step *Gunter* framework at sentencing. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Accordingly, any challenge to the reasonableness or legality of the sentence would be frivolous.

## III.

In sum, we agree with defense counsel's assessment of Aguilar's appeal. Our own independent review of the record fails to reveal any non-frivolous issues for appeal. Accordingly, we will grant defense counsel's motion to withdraw and affirm the judgment of the District Court entered on May 27, 2015. We certify that the issues presented in the appeal lack legal merit and thus do not require the filing of a petition for writ of certiorari with the Supreme Court pursuant to 3d Cir. L.A.R. 109.2(b).